E. GRADY JOLLY, Circuit Judge,
concurring in the judgment:
The majority in this ease purports to engage in statutory interpretation while failing to address critical words of the statute. Thus, while I concur in the outcome the majority reaches, I do not join in their analysis.
The question presented in this appeal is whether § 55(a)(1) allows for vicarious liability. Upon finding § 55(a)(1) imposes liability on a “person,” the majority quickly concludes the answer is yes. Though this conclusion may be correct, the majority reaches this holding without adequately considering the remainder of provisions § 55(a)(1) and (2). This analytical step is in error, as the type of “person” from which the government may recover differs under § 55(a)(1) and (2) — and in neither provision is a “person” unencumbered. Namely, § 55(a)(1) allows recovery “from a person that knowingly engages in conduct prohibited by section [53] of this title,” while § 55(a)(2) provides for recovery from a person “whose employee, subcontractor, or subcontractor employee violates section [53] of this title[.]” § 55(a)(1) & (2).
To engage in proper statutory interpretation, We "must address the phrases describing “person” before discerning whether vicarious liability is available under § 55(a)(1). The majority correctly notes that corporations are generally considered persons for statutory purposes. Accordingly, if we stop reading after “person,” § 55(a)(1) does, by its plain terms, encompass the acts of employees. But if we read the entire provision, the question becomes: which employees? Section 55(a)(1) tells us that only “person[s] that knowingly ” take kickbacks are covered. § 55(a)(1) (emphasis added). Here, “knowingly” modifies “person” — making it a qualifier essential to determining whether vicarious liability may arise. The government may not, under this provision, recover from any persons (or corporations), but only those who act with the requisite knowledge. Under the facts of this case, the knowledge requirement means that, when a corporation is being sued, the corporation (i.e., person) itself must have knowledge of the kickback before liability may arise.[1]
This requirement, in turn, compels us to ask when we may say that a corporation has “knowingly” become part of kickback activity. Due to the nature of corporations, any knowledge attributed to a corporation must necessarily be imputed to that corporation from some individual person. See F.D.I.C. v. Ernst & Young, 967 F.2d *355 166, 171 (5th Cir.1992); Fletcher § 787. “[A] court may deem only the knowledge of officers and employees at a certain level of responsibility imputable to the corporation.” Fletcher § 790. And “[w]hether an individual’s knowledge will be imputed to the corporation depends on a factual determination, according-to the particular circumstances, of the individual’s position in the corporate hierarchy; the person need not necessarily be either a shareholder or an officer.” Fletcher § 807; F.D.I.C., 967 F.2d at 171 (“Where the level of responsibility begins must be discerned from the circumstances of each case.” (quoting Continental Oil Co. v. Bonanza Corp., 706 F.2d 1365, 1376 (5th Cir.1983))). But “knowledge of a mere employee of the corporation ordinarily is not imputed to the company.” Fletcher § 807; F.D.I.C., 967 F.2d at 171 (noting the “knowledge of individuals at a certain level of responsibility must be deemed ... knowledge of the organization” (quoting Continental Oil, 706 F.2d at 1376) (emphasis added)); In re Hellenic Inc., 252 F.3d 391, 395 (5th Cir.2001) (“While courts generally agree that the knowledge of directors or key officers, such as the president and vice president, is imputed to the corporation, they differ as to the effect of knowledge acquired by other employees.”); Kellogg Brown & Root Servs., Inc. v. United States (KBR II), 103 Fed.Cl. 714, 773-74 (2012) (finding two mid-level managers had insufficient authority to impute their knowledge to KBR for purposes of § 55(a)(1)). Thus, properly construed, § 55(a)(1) holds corporations liable only for the knowing violations of those employees whose authority, responsibility, or managerial role within the corporation is such that their knowledge is imputable to the corporation.
At this point, it is important to recognize that, in corporate law, “The acts of a corporation’s vice-principals are considered to be the acts of the corporation itself and are imputed to .the corporation. Thus, the liability of a corporation for the acts of its vice-principals is direct rather than vicarious.” Fletcher § 4877. In certain situations, then, § 55(a)(1) may not be punishing vicarious, but rather direct, liability. Because corporate law further tells us that knowledge of employees other than vice-principals may be imputable to a corporation, however, .§ 55(a)(1) may also impose vicarious liability — but it does so only when the knowledge of the employee is imputable to the corporation, not in all circumstances. See Fletcher, § 807 (noting individuals whose knowledge has been found imputable to the corporation include, among several others, vice-principals, managers, treasurers, attorneys, stockbrokers, and company physicians). This distinction between “direct” and vicarious liability is another reason it is error to assume § 55(a)(1) allows for vicarious liability without determining what it means for a corporation to “knowingly” engage in kickback activity.
This conclusion as to the meaning of § 55(a)(1) leads us to the next step in the statutory analysis: asking whether a corporation’s liability differs under § 55(a)(1) and § 55(a)(2). In other words, we ask whether this plain reading of the text affords individual expression to both subsections. A careful analysis of the liability available under each subsection illustrates that the answer to this question is yes. Under § 55(a)(1), the government must prove a “knowing[]” violation before it may obtain double damages and per-oceurrence recoveries. See § 55(a)(1). Section 55(a)(2), to the contrary, requires no proof of “knowing” misconduct before allowing recovery of “a civil' penalty equal to the amount of th[e] kickback.” See § 55(a)(2). Instead, it imposes traditional strict liability upon corporations for the acts of their employees. Traditionally, corporations are *356 held liable for the torts of employees acting within the scope of their employment or with apparent authority. Restatement (Second) of Agency § 219. I note that, if this rule were the entirety of the test under § 55(a)(1), that provision would impose liability identical to § 55(a)(2): an employee who is bribed will always have apparent authority — it would be nonsensical to give a kickback to an employee who lacked the apparent authority to accomplish its object. The requirement that an employee not only have apparent authority, but also have sufficient responsibility or authority within the company to attribute his knowledge to the corporation itself is therefore the distinguishing aspect of § 55(a)(1).
Furthermore, as the majority notes, “[i]t is entirely consistent for the statute to punish knowing violations more severely than those of which the corporation was unaware.” See KBR II, 103 Fed.Cl. at 773. And because knowing violations of § 55(a)(1) only arise when employees whose knowledge is imputable to the corporation knowingly engage in kickback activity, corporations are liable for fewer of their employees’ violations under § 55(a)(1) than under § 55(a)(2).
Accordingly, a thoroughly-conducted statutory analysis demonstrates that § 55(a)(1) permits the government to attribute liability to corporate defendants vicariously in cases where the knowledge of the employees is imputable to the corporation. Before concluding, I would observe that whether an employee has sufficient responsibility or authority to impute his knowledge to the corporation is a highly fact-intensive analysis. See Fletcher, § 807; F.D.I.C., 967 F.2d at 171 (quoting Continental Oil, 706 F.2d at 1376); In re Hellenic Inc., 252 F.3d at 394-96 (“The decision on whether to impute knowledge acquired by such employees tends to be fact-intensive and contingent on the specific legal- regime involved.”); KBR II, 103 Fed.Cl. at 773-74 (analyzing the titles, the responsibilities, and the factors surrounding the hiring of two mid-level managers). Because this issue has not yet been examined, the district court will need to conduct such an analysis on remand. This analysis will likely involve developing the evidence, both factual and expert, regarding the employees’ job titles, their actual responsibilities, and their overall place within the company, among other things.
In conclusion, I agree with the majority’s ultimate decision to remand this case for further factual development, but disagree with its analysis, as it does not comport with basic tenets of statutory interpretation.

. This corporate'knowledge .requirement is a factor distinguishing § 55(a)(1) and § 55(a)(2) — because we can assume a person who is being bribed always knows he is being bribed, the knowledge requirement would not . add to this provision if it applied to employees rather than to the corporation itself. Moreover, that § 55(a)(1) applies to a "person” while § 55(a)(2) applies to a person’s "employee, subcontractor, or subcontractor employee” further supports this plain reading of the text, which requires knowledge of the person (i.e., corporation) itself.